# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHIRLEY SPYCHALLA,

        Plaintiff,

   v.                            Case No. 11-C-497

AVCO CORP., et al.,

        Defendants.

## DECISION AND ORDER

In this diversity action Plaintiff Shirley Spychalla has sued more than two dozen corporations for negligence, strict liability, and wrongful death arising out of her late husband's exposure to asbestos. One of these Defendants, Dexter Hysol Aerospace, LLC, has moved for dismissal on the theory that Plaintiff has failed to join indispensable parties. Fed. R. Civ. P. 12(b)(7). For the reasons given below, the motion will be denied.

Dexter Hyso1 argues that Rapco, Inc. and Rapco Fleet Support, Inc. are necessary parties to this action. Because they are both Wisconsin corporations, their addition would destroy diversity jurisdiction. Plaintiff is currently suing several defendants, including the Rapco defendants, in state court. Accordingly, Dexter Hysol asks that this federal lawsuit be dismissed so that the Plaintiff may pursue claims against all parties in a single state court action.

The joinder analysis is governed by Rule 19. Rule 19(a) applies to situations in which a party's joinder would not destroy jurisdiction, but it is also the first step in the analysis when joinder *would* destroy jurisdiction, as here.

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. Civ. P. 19(a).

Dexter Hysol argues that it will not be able to obtain complete relief in this action because, even if it wins, it cannot put this litigation behind it because it would face the potential for a contribution action by the Rapco defendants who are not joined here. But the term "complete relief" refers only to "relief between the persons already parties, and not as between a party and the absent person whose joinder is sought." *Perrian v. O'Grady,* 958 F.2d 192, 196 (7th Cir. 1992). In other words, the inquiry into whether "complete relief" is available is not an invitation to examine contingencies outside of the instant lawsuit but merely a question of whether the already-joined parties to *this* action may resolve the matter entirely. Parties often face potential implications from other lawsuits, but that does not mean that parties to those lawsuits must be joined. Here, "complete relief" may be granted among existing parties: either the Plaintiff will win, or Dexter Hysol will. Implications from other parties in other lawsuits are not relevant to this analysis.

Dexter Hysol also argues that there is a risk of inconsistent verdicts, and that it is therefore "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations

2

because of the interest." Fed. Civ. 19(a)(1)(2). But Dexter Hysol has not been sued in the state court action, and it therefore cannot be liable twice to the same plaintiff. It also argues that even if it wins in this action, its victory will not have any preclusive effect against the Rapco defendants, who might sue Dexter Hysol if they lose in the state action. There are at least two problems with such an argument. First, it is doubtful that there would be any inconsistency in the multiple actions alleged. A judgment in Dexter Hysol's favor in this case would be a judgment of non-liability against *this* plaintiff. If the state court defendants have some sort of contribution claim against Dexter Hysol, that is another matter altogether. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.,* 11 F.3d 399, 412 (3d Cir. 1993).

More importantly, any inconsistency in obligations is highly speculative. "The fact that HP might be liable to Duchossois in a future action does not create the substantial risk of multiple or inconsistent obligations. This is not a case where a judgment imposing liability on HP to Davis necessarily implies that HP is also liable to Duchossois." *Davis Companies v. Emerald Casino, Inc.,* 268 F.3d 477, 484 -485 (7th Cir. 2001). Here, a judgment in favor of the Plaintiff in state court against different defendants would not necessarily imply that those defendants would have any kind of claim against Dexter Hysol. Rule 19(a)(1)(2) requires a *substantial* risk of inconsistent obligations, and here Dexter Hysol has merely identified a vague concern about a possibility of inconsistency. Accordingly, I conclude that the Rapco defendants do not qualify as necessary parties under Rule 19(a).

Dexter Hysol spends some effort arguing that the Plaintiff could have moved to amend her state court case to include Dexter Hysol and other defendants. Although Plaintiff suggests that the trial judge cut off any amendments before she discovered the identity of the new defendants, it is

3

true that Plaintiff could have moved for leave to amend her complaint or she could have filed a new action in state court altogether and sought to consolidate it. Plaintiff does have viable means of pursuing this action in state court, and a consolidated action would be preferable for the reasons Dexter Hysol cites. But these are concerns more appropriate for a Rule 19(b) analysis, which I do not reach because the non-joined parties do not qualify as necessary parties. Ultimately, a plaintiff is entitled to a federal forum if she has claims against diverse defendants, and that is what she has opted to pursue here. Courts are "reluctant to dismiss for failure to join where doing so deprives the plaintiff of his choice of federal forum." *Davis Companies v. Emerald Casino, Inc.,* 268 F.3d 477, 481 (7th Cir. 2001). The fact that it might be more convenient to dismiss this action is not enough to warrant depriving a plaintiff of her forum of choice. This is especially true given that none of the other numerous defendants have joined the motion to dismiss, suggesting at a minimum that these defendants are either satisfied with the federal forum or do not share the concerns Dexter Hysol has voiced.

For the reasons given above, the motion to dismiss is **DENIED**.

**SO ORDERED** this   23rd   day of November, 2011.


 s/ William C. Griesbach
William C. Griesbach
United States District Judge

4