IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| SHIRLEY SPYCHALLA, as Special Administrator for the estate of LEONARD J. SPYCHALLA, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>AVCO CORP., et al.,<br><br>Defendants. | Case No. 11-cv-00497<br><br>(*Remanded from E.D. Pa. Case No. 2:12-CV-60004, MDL 875*)<br><br>Hon. William C. Griesbach |

## DEFENDANT GENERAL ELECTRIC COMPANY'S STATEMENT OF PROPOSED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant General Electric Company ("GE"), pursuant to Civil L.R. 56(b)(1), submits the following proposed statement of material facts in support of its Motion for Summary Judgment and Memorandum of Law in Support:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1332, as alleged in the Complaint. (Compl. ¶¶ 5-6, ECF No. 1.)

2. Venue is proper in this Court under 28 U.S.C. § 1391, as alleged in the Complaint. (*Id.* ¶ 7.)

3. Plaintiff Shirley D. Spychalla is the wife of decedent Leonard J. Spychalla and resides in Appleton, Wisconsin. (*Id.* ¶ 1.)

4. General Electric Company is a New York corporation with its principal place of business in Connecticut. (*Id.* at Ex. A.)

## BACKGROUND

5. Plaintiff filed her Complaint in the U.S. District Court for the Eastern District of Wisconsin in May 2011. (*Id.*)

6. Mr. Spychalla allegedly worked as a pilot and mechanic for various employers, including Kimberly-Clark Aviation ("K-C") in Appleton, Wisconsin from 1978 until 1991. (*Id.* at ¶ 8, Ex. B.) In addition to his work for K-C, Mr. Spychalla also worked at various other locations, including several different airports in Wisconsin between 1958 and 1991—Plaintiff is not alleging exposure to GE products at any of these facilities. (*Id.*)

7. Plaintiff claims that Mr. Spychalla was exposed to asbestos dust or fibers at one or more of these locations during the course of his employment. (*Id.* at ¶ 8.)

8. GE is named as one of numerous entities whose products are alleged to be a source of Mr. Spychalla's claimed exposure to asbestos. (*See generally* Compl.)

9. In January 2012, this case was transferred from the Eastern District of Wisconsin to MDL 875 in the Eastern District of Pennsylvania. (ECF Nos. 59-60.) After the close of discovery in the MDL, GE filed a motion for summary judgment, which was denied with leave to refile in this Court upon remand. (July 23, 2014 Order, E.D. Pa. D.E. 333 (Ex. A to Mot.) at 9 (Robreno, J.) (denying GE's motion for summary judgment with leave to refile).)

10. In denying summary judgment with leave to refile the MDL court stated:

> Importantly, however, ***there is no evidence*** that the gaskets from which asbestos exposure may have occurred were manufactured or supplied by GE. This is because ***there is no evidence*** that Decedent was exposed to respirable asbestos dust from a gasket original to the GE engines or that any of the replacement gaskets with which Decedent worked were manufactured or supplied by GE. Defendant GE is liable for Decedent's alleged exposures only if Wisconsin law does not recognize the so-called 'bare metal defense.'"

(*Id.* (emphasis added).) The court held that "the transferor court sitting in Wisconsin is better situated to address whether Wisconsin law recognized the defense." *Id.*

11. The case was remanded from MDL 875 on November 3, 2014 pursuant to the Panel on Multidistrict Litigation's Conditional Remand Order. (ECF No. 61.)

12. With respect to GE, the only claims that remain concern Mr. Spychalla's exposure to allegedly asbestos-containing gaskets installed in CF 34 and CF 700 jet engines manufactured by GE and installed in Challenger 601 and Falcon 20 aircraft. (July 23, 2014 Order, E.D. Pa. D.E. 333 at 8.)

## FACT WITNESSES

13. No fact witness testified that Mr. Spychalla worked around any asbestos-containing products manufactured or sold by GE.

### *Family Members*

14. Plaintiff Luella Pehlke was deposed in this case on September 27, 2012, and she testified that she does not have any information about the products that Mr. Spychalla worked with during his career. (Sept. 27, 2012 Deposition of Shirley Spychalla (Ex. B to Mot.) at 16:21-17:4.)

15. Dean Spychalla, the decedent's son, was also deposed in this case on November 19, 2012, but he offered no testimony whatsoever about GE or about Challenger or Falcon aircraft. (Nov. 19, 2012 Deposition of Dean Christopher Spychalla (Ex. C to Mot.).)

### *Allan Bernette*

16. Allan Bernette was deposed in this case on June 15, 2012. (June 15, 2012 Deposition of Allan Bernette ("Bernette Dep.") (Ex. D to Mot.).) He testified that he worked with Mr. Spychalla at Basler Flight Services in Oshkosh, Wisconsin from September 1968 to April 1970. (*Id.* at 11:21-12:13.) He also testified that he worked with Mr. Spychalla at K-C Aviation at the Appleton Outagamie Airport from 1990 to 1995. (*Id.* at 43:21-44:19.)

17. Mr. Bernette did not recall any aircraft at Basler that were equipped with GE engines. (*Id.* at 58:21-24.) He could recall only one plane at K-C Aviation, a Challenger, that had GE engines in it. (*Id.* at 74:18-75:4.) Mr. Bernette does not know if Mr. Spychalla ever worked on the Challenger (*id.* at 75:13-21, 76:2-10), and he does not know if the GE engine in the Challenger had any asbestos-containing components (*id.* at 78:9-15).

*Bradley Kososki*

18. Bradley Kososki was deposed in this case on September 27, 2012. (Sept. 27, 2012 Deposition of Bradley F. Kososki ("Kososki Dep.") (Ex. E to Mot.).) He met Mr. Spychalla when he started working at K-C Aviation in September 1986. (*Id.* at 9:18-23.)

19. Mr. Kososki testified that the only aircrafts with GE engines that he could recall Mr. Spychalla working on were Challenger 601 and Challenger 604 planes. (*Id.* at 32:23-33:5.) Mr. Kososki testified that the Challenger aircraft was introduced no more than five years prior to when he began working in 1986. (*Id.* at 38:15-21.)

20. Mr. Kososki does not know if the GE engines in the Challenger aircrafts contained asbestos. (*Id.* at 38:9-14 ("Q. Are you aware of any asbestos in the General Electric engine? A. No. Q. Did anyone ever tell you that there was asbestos in those engines? A. No.").)

*Peter Sahli*

21. Peter Sahli was deposed in this case on October 3, 2012. (Oct. 3, 2012 Deposition of Peter Sahli ("Sahli Dep.") (Ex. F to Mot.).) He was employed with Mr. Spychalla at K-C Aviation, though he could not recall the time frame. (*Id.* at 5:22-6:20.)

4

22.     Mr. Sahli testified that Falcon jets at K-C had GE engines (*id.* at 8:9-11), as did Challengers (*id.* at 8:22-23).  He explained that inspection of a GE engine "would be mostly external visual check of the fan blades, the turbine blades."  (*Id.* at 20:11-15.)

23.     Mr. Sahli never worked directly with Mr. Spychalla and has no specific recollection of Mr. Spychalla working on any GE engines.  (*Id.* at 58:18-59:9, 90:12-20.)

### *Peter Mulholland*

24.     Peter Mulholland was deposed in this case on October 3, 2012.  (Oct. 3, 2012 Deposition of Peter Mulholland ("Mulholland Dep.") (Ex. G to Mot.).)  He was employed with Mr. Spychalla at K-C Aviation (*id.* at 5:17-6:10), but he never worked directly with Mr. Spychalla (*id.* at 7:11-8:1).  He does not know which planes Mr. Spychalla worked on.  (*Id.* at 16:9-14).

### *Robert Casper*

25.     Robert Casper was deposed in this case on October 17, 2012.  (Oct. 17, 2012 Deposition of Robert Casper ("Casper Dep.") (Ex. H to Mot.).)  He worked with Mr. Spychalla at K-C Aviation, but testified that he recalled "very little" of Mr. Spychalla because they did not work on the same shift for the majority of the time while both worked at K-C.  (*Id.* at 6:19-8:6.)  Mr. Casper could not "recall exactly what [Mr. Spychalla] did" (*id.* at 10:7-9), and does not know what type of work Mr. Spychalla did on engines at K-C (*id.* at 30:16-31:1).

## EXPERT WITNESSES

26. Plaintiff hired numerous expert witnesses to offer expert opinions in this case, including Steven Paskal, Michael Plavchan, Rodney Doss, Henry Anderson, M.D., Carlos Bedrossian, M.D., and Arnold Brody, Ph.D.

### *Plaintiff's Industrial Hygiene Expert Steven Paskal*

27. Steven Paskal is an industrial hygienist, but he did not consider Mr. Spychalla's exposure to jet engines or Mr. Spychalla's work at K-C whatsoever in rendering his opinions in this case. (March 27, 2011 Expert Report of Steven Paskal ("Paskal Rep.") (Ex. I to Mot.); Dec. 20, 2012 Deposition of Steven Paskal (Ex. J to Mot.) at 44:20-45:10 (agreeing he only considered Mr. Spychalla's work with propeller-driven airplanes).) He has limited experience with jet aircraft, has never inspected jet engine components, and he has "never attempted to catalog where asbestos is in these things." (Paskal Dep. at 79:17-80:15.)

28. More generally, Mr. Paskal cannot identify any specific asbestos-containing product to which Mr. Spychalla was allegedly exposed, and he does not know whether Mr. Spychalla ever worked with or around any defendant's product. (Paskal Dep. (Ex. J to Mot.) at 41:20-43:16, 62:11-20.) He did not know how often, over the course of his decades-long career, Mr. Spychalla worked on jet engines or whether he worked near others doing work on engines. (*Id.* at 80:16-82:13.)

29. With regard to GE specifically, Mr. Paskal had no information as to whether Mr. Spychalla ever "handled an asbestos-containing gasket associated with any product made by GE." (*Id.* at 43:17-44:1, 61:16-62:10.) Although gaskets can be made of non-asbestos materials, he did not attempt to determine whether any gasket associated with a GE engine contained asbestos or not. (*Id.* at 64:18-21, 78:8-79:1.)

30. Mr. Paskal did not take into account information about the frequency, proximity, and duration of any work with GE engines Mr. Spychalla may have performed. (*Id.* at 80:16-81:82:13, 85:17-86:11.) He did not rely on any information that any GE jet engines that Mr. Spychalla allegedly worked around contained any asbestos components. (*Id.* at 61:11-20, 163:19-164:10.)

31. The airplane hangars where Mr. Spychalla and others would have performed maintenance work were huge, open buildings the size of several football fields. (*Id.* at 82:14-85:8.)

32. Mr. Paskal did not consider any case-specific deposition testimony, and he did not conduct any investigation of Mr. Spychalla's job sites or any of the aircraft he allegedly performed maintenance on. (*Id.* at 46:4-47:2, 48:2-7.) He spoke with one of Mr. Spychalla's former coworkers, Richard Grose, but they did not work together at K-C where the alleged exposure to GE engines took place. (*Id.* at 34:2-15.) Mr. Paskal also reviewed manuals for certain propeller-driven airplanes which did not use GE engines. (*Id.* at 34:2-15.)

33. Mr. Paskal has conducted no industrial hygiene studies or surveys regarding aircraft engines or potential asbestos exposures for aircraft mechanics. (*Id.* at 48:8-18.) Mr. Paskal did not rely on any literature or studies regarding potential asbestos exposures for aircraft mechanics, he could not name any relevant studies relating to aircraft mechanics, and he was unfamiliar with published literature in the field. (*Id.* at 48:19-52:15.)

34. Nor has Mr. Paskal ever performed or reviewed any studies on dust counts on jet engine gaskets or reviewed any literature regarding asbestos fiber counts in heat shields, wiring, or grommets in aircraft jet engines. (*Id.* at 88:19-89:4, 102:3-7). He did not perform any air sampling to calculate Mr. Spychalla's alleged asbestos exposure. (*Id.* at 39:3-40:19.)

7

### *Plaintiff's Aircraft Maintenance Expert Rodney Doss*

35. Rodney Doss' expert report does not mention GE at all. (March 20, 2013 Aviation Maintenance Expert Report of Rodney L. Doss (Ex. L to Mot.).)

36. Mr. Doss does not "have an opinion one way or another as to whether Mr. Spychalla was exposed to asbestos from a GE turbine or jet engine." (May 17, 2013 Deposition of Rodney L. Doss ("Doss Dep.") (Ex. M to Mot.) at 240:3-8.)

37. Mr. Doss does not have any information about the aircraft Mr. Spychalla worked on, including what parts or engines they contained. (*Id.* at 167:6-8, 168:10-14, 239:10-18, 254:8-12.) Not all Falcon 20 or Challenger 601 jets would necessarily have contained GE engines. (*Id.* at 255:9-14, 256:18-20.)

38. Mr. Doss has no information concerning the actual mechanical work that Mr. Spychalla performed. *Id.* at 31:15-32:7, 240:1-241:3, 241:14-242:17.)

39. He has no information about what, if any, components or parts on a CF 34 engine contain asbestos. (*Id.* at 250:18-21.)

40. Mr. Doss cannot testify as to who manufactured the gaskets used in any GE engines Mr. Spychalla allegedly worked on or around, whether they contained asbestos or not. (*Id.* at 254:5-7.) Generally, "consumable portions" of an airplane such as gaskets are changed "several times" over the course of an airplane's life. (*Id.* at 218:21-25, 230:18-231:25.)

41. Accordingly, he cannot say whether Mr. Spychalla ever worked with a GE asbestos-containing product. (*Id.* at 240:3-8.)

### *Plaintiff's Aircraft Maintenance Expert Michael Plavchan*

42. Michael Plavchan does not have any information about the actual aircraft Mr. Spychalla worked on, including what parts or engines they contained. (*See, e.g.*, April 22, 2013 Deposition of Michael Plavchan (Ex. N to Mot.) at 100:12-101:1.)

43. Mr. Plavchan has no information concerning the actual mechanical work that Mr. Spychalla did, other than that Mr. Spychalla was a mechanic at K-C Aviation. (*Id.* at 107:8-14, 134:13-23, 135:22-136:2, 168:22-169:7, 176:22-177:16.)

44. He cannot say whether Mr. Spychalla ever worked with a GE asbestos-containing product. (*Id.* at 98:8-23, 181:18-185:1.)

45. The CF 34 engines, which were sometimes installed in Challenger 601 aircraft did not contain asbestos at all. (*Id.* at 293:24-295:4 .)

46. Mr. Plavchan testified that there were Falcon 20 jets at K-C aviation, not all of them contained GE engines. (*Id.* at 169:19-170:5.)

47. Mr. Plavchan cannot testify as to who manufactured any of the gaskets in any GE engines—whether asbestos containing or not. (*Id.* at 101:25-102:18, 190:15-191:3, 193:8-25.) Typically, "expendable" replacement parts such as gaskets typically were not purchased from GE, but rather from third-party vendors, which generally had cheaper prices. (*Id.* at 191:4-193:7.)

48. In order to know what parts were used in a particular aircraft, one would need to know the year of manufacture, the model number, and the serial number on an aircraft. (*Id.* at 101:25-102:18, 190:15-191:3.)

49. Mr. Plavchan had no information concerning the year of manufacture, serial or model numbers for any aircraft Mr. Spychalla may have worked around during his career, no

information concerning any variances in the aircraft, no information about the maintenance history of any aircraft Mr. Spychalla may have encountered during his career, no maintenance logbook records, no supplemental certificates for any aircraft type he may have worked with, and no Parts Manufacturer Approvals. (*Id.* at 100:7-101:24.)

50. There is no way to determine whether a gasket was supplied by GE without reviewing work orders, which Mr. Plavchan has not done. (*Id.* at 193:8-25.)

51. Typically, parts are changed out by the time an aircraft is 20 to 30 years old. (*Id.* at 217:25-218:25.)

*Plaintiff's Medical Causation Experts Dr. Henry Anderson and Dr. Carlos Bedrossian*

52. Dr. Henry Anderson opines that "[a]ll exposures to asbestos fibers are considered to contribute to the disease process." March 30, 2011 Report of Henry A. Anderson, M.D. ("Anderson Rep.") (Ex. O to Mot.) at 3.)

53. Dr. Carlos Bedrossian purports to offer an opinion that the "total and cumulative exposure to asbestos, from any and all products, containing any and all fiber types, was a significant contributing factor" to Mr. Spychalla's death. (March 28, 2011 Report of Carlos Bedrossian, M.D. ("Bedrossian Rep.") (Ex. P to Mot.).)

54. Mesothelioma is a dose-response disease. Sept. 25, 2012 Deposition of Henry Anderson, M.D., *Hass v. Albany Internat'l, et al.*, E.D. Pa. No. 2:09-cv-60298 ("*Hass* Anderson Dep.") (Ex. S to Mot.) at 82:12-16, 137:4-11.)

55. Drs. Anderson and Bedrossian have performed no testing and have no information or measurements concerning the decedent's alleged *dose* of exposure to any particular defendant's allegedly asbestos-containing product. (*Hass* Anderson Dep. (Ex. S to Mot.) at 56:21-57:12, 67:22-68:14, 133:23-134:16; M.D., January 5, 2012 Deposition of Carlos

Bedrossian, M.D., *Gehrt v. ACandS, Inc., et al.*, E.D. Pa. No. 2:08-cv-92066-ER ("Bedrossian Dep. Vol. I") (Ex. T to Mot.) at 128:23-129:9; *Gehrt v. ACandS, Inc., et al.*, E.D. Pa. No. 2:08-cv-92066-ER ("Bedrossian Dep. Vol. II") (Ex. U to Mot.) at 45:5-10.)

56. As Drs. Anderson and Bedrossian have no information regarding the extent of Mr. Spychalla's alleged asbestos exposure from any particular defendant's product, including GE, they instead assume all exposures, no matter how small, contributed to causing a plaintiff's disease. (August 18, 2010 Deposition of Henry A. Anderson, M.D., *Jurglanis v. Brake Supply Co., et al.*, No. 09-cv-001160 ("*Jurglanis* Anderson Dep.") (Ex. R to Mot.) at 64:22-65:10, 68:1-9, 108:12-109:1-14, 112:9-113:6; *Hass* Anderson Dep. (Ex. S to Mot.) at 70:21-71:25; Bedrossian Dep. Vol. I (Ex. T to Mot.) at 146:12-147:2; Bedrossian Dep. Vol. II (Ex. U to Mot.) at 26:6-27:2, 45:5-10, 46:12-16.) At the same time, they do not take into account a plaintiff's exposure to "background" levels of asbestos existing in the environment. (*Hass* Anderson Dep. (Ex. S to Mot.) at 137:12-18; *Jurglanis* Anderson Dep. (Ex. R to Mot.) at 108:1-110:22, 112:9-114:14; Bedrossian Dep. Vol. II (Ex. U to Mot.) at 52: 4-54:3.)

57. The opinions of Drs. Anderson and Bedrossian only assess a plaintiff's *risk* of developing an asbestos-related disease, but they cannot determine that a particular defendant's product *caused* a plaintiff's disease. (*Jurglanis* Anderson Dep. (Ex. R to Mot.) at 40:16-41:15, 46:16-25, 52:1-25, 54:3-20, 57:9-17, 58:20-59:5, 64:18-67:6; *Hass* Anderson Dep. (Ex. S to Mot.) at 136:12-137:18.)

58. However, not everyone who is exposed to asbestos actually develops an asbestos-related disease. (*Jurglanis* Anderson Dep. (Ex. R to Mot.) at 87:20-88:11; *see also Hass* Anderson Dep. (Ex. S to Mot.) at 90:12-23.)

59. Dr. Anderson only reviewed selected medical records, Mr. Spychalla's death certificate, a summary of employment history provided by Plaintiff's counsel, and the expert report of Steven Paskal. (Anderson Rep. (Ex. O to Mot.) at 1.) He did not consider any deposition testimony or other case-specific discovery. (*Id.*)

60. Dr. Bedrossian only reviewed a counsel-supplied work history, medical records, and pathology materials. (Bedrossian Rep. (Ex. P to Mot.) at 1.) He did not consider any deposition testimony or other case-specific discovery. (*Id.*)

61. Drs. Anderson and Bedrossian lack scientific literature or testing supporting their "every exposure" theory. (*See, e.g.*, *Hass* Anderson Dep. (Ex. S to Mot.) at 85:13-20.)

62. Dr. Anderson does not know the error rate for his theory. (*Id.* at 81:3-19 ("49 percent of the time I might be wrong").)

63. Likewise, Plaintiff offers an entirely generic opinion of Arnold Brody, Ph.D. in support of the "every exposure" theory, even though he had no information at all about Mr. Spychalla or GE. *See* October 14, 2011 Expert Report of Arnold Brody, Ph.D. (Ex. Q to Mot.)

### *Plaintiff's Causation Expert Arnold Brody, Ph.D.*

64. The opinion of Arnold Brody, Ph.D. relies on no case-specific information about Mr. Spychalla or GE. *See* October 14, 2011 Expert Report of Arnold Brody, Ph.D. (Ex. Q to Mot.).

Dated:  January 15, 2015					Respectfully submitted,

                                                      GENERAL ELECTRIC COMPANY


By:  */s/ Timothy E. Kapshandy*

Timothy E. Kapshandy
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
tkapshandy@sidley.com

David E. Frank
Nora E. Gierke
GIERKE FRANK LLC
7604 Harwood Avenue
Suite 203
Wauwatosa, WI 53213
Telephone:  (414) 395-4600
Facsimile:  (414) 921-4108
dfrank@gierkefrank.com
ngierke@gierkefrank.com

*Attorneys for Defendant General Electric Company*