**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | |
| SPYCHALLA v. AVCO Corporation et al | E.D. WI Case No. 11-cv-497<br>*Remanded from E.D. PA 12-CV-60004* |

_____

**PLAINTIFF'S EXPEDITED MOTION TO STRIKE DEFENDANT BOEING COMPANY'S NEW EXPERT WITNESSES, THEIR DECLARATIONS, AND THEIR RELIANCE MATERIALS PURSUANT TO RULE 56**
_____

Plaintiff, by and through her attorney Michael P. Cascino, files this expedited motion to strike defendant Boeing Company's new expert witnesses, their declarations, and their reliance materials, pursuant to Rule 56.

1. On January 15, 2015, defendant Boeing Company filed a summary judgment motion. This motion relies upon declarations of two new expert witnesses (Fogg and McCaffery), and the materials they rely upon. These witnesses and the documents upon which they rely were not previously disclosed. There are approximately 3,000 pages of documents that were received from defendant by plaintiff's attorney on January 20, 2015.[1]

2. This matter is an emergency because plaintiff must respond to defendant Boeing Company's motion for summary judgment on or before February 15, 2015. If this court denies plaintiff's motion, plaintiff will either need months to conduct discovery against defendant Boeing Company or plaintiff will be forced to respond to the summary

---

[1] On January 23, 2015, defense counsel requested that these documents be returned until the Court determines whether the documents should be kept under seal.

judgment motion without the benefit of any discovery of these two new expert witnesses and the surprise 3,000 new pages of documents.[2] This would be fundamentally unfair.

3. This case was part of MDL 875. While this case was pending in MDL 875, a scheduling order was entered that closed discovery of expert witnesses on April 22, 2013. See Exhibit "A".

4. Pursuant to the scheduling order in MDL 875, defendant Boeing filed expert witness disclosures on November 26, 2012. These expert disclosures do not include these two new witnesses. These two witnesses were not disclosed in any fashion while discovery was open. See Exhibit "B".

5. When this matter was remanded from MDL 875, MDL 875 supervising Judge Robreno entered an order that noted that all discovery was completed . See Exhibit "C".

6. Pursuant to this court's order dated November 12, 2014, defendant Boeing served expert witness disclosures via email via email on December 1, 2014. These expert disclosures do not include these two new witnesses. See Exhibit "D".

7. This Court held a scheduling conference on November 12, 2014. The order allows discovery to remain open until August 31, 2015. While not expressed in the order as written, when the court entered this order concerning discovery being open, the parties understood and mentioned on the record that it was limited to treating physicians and family members. See Exhibit "E"

Wherefore, plaintiff requests this Honorable Court to strike the two new witnesses, to strike their expert witness declarations, and to strike the documents that were turned over to plaintiff after discovery had closed.

---

[2]Defendant previously disclosed approximately 9 pages of documents while discovery was open.

Dated: January 23, 2015

/s/ *Michael P. Cascino*
Michael P. Cascino

Michael P. Cascino
Attorney for the Plaintiff
CASCINO VAUGHAN LAW OFFICES
220 S. Ashland Avenue
Chicago, Illinois 60607
(312) 944-0600
ecf.cvlo@gmail.com
mcascino@cvlo.com