IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | |
|---|---|
| SPYCHALLA v. AVCO Corporation et al | E.D. WI Case No. 11-cv-497<br>*Remanded from E.D. PA 12-CV-60004* |

_____

**PLAINTIFF'S RESPONSE TO DEFENDANT THE BOEING COMPANY'S MOTION TO EXLUDE TESTIMONY BASED UPON THE "ANY EXPOSURE" THEORY**
_____

Plaintiff responds to The Boeing Company's Motion to exclude testimony based upon the "Any Exposure" theory. Plaintiff stipulates the testimony that "each and every exposure" or "any exposure" is a cause of the asbestos related disease will not be presented at trial as part of the medical causation testimony. Thus, the motion should be stricken or denied as moot.[1]

<u>Conclusion</u>

For the reasons above, the motion should be stricken or denied as moot.

Dated: <u>March 9, 2015</u>

Respectfully submitted,

<u>/s/ Robert G. McCoy</u>
*Attorney for the Plaintiff*

Robert G. McCoy
Michael P. Cascino

---

[1] Plaintiffs note that defendants rely in large part on the trial court decision in *Krik v. BP Amoco* N.D. IL Case No. 10-cv-07435 Doc. # 314 filed on December 22, 2014. The district court in the *Kirk* case held the "every exposure" statement could not be made. However, in *Krik* the district court also held the causation opinion of the experts as to specific defendants was expressly allowed. See further discussion of the *Krik* opinion in Plaintiff's Response to Defendant General Electric Company's Motion in Limine to Exclude Causation Testimony of Henry Anderson, MD and Carlos Bedrossian, MD, filed contemporaneously.

1

Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, Illinois 60607
(312) 944-0600