IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) <br><br> SPYCHALLA v. AVCO Corporation et al | E.D. WI Case No. 11-cv-497 <br> *Remanded from E.D. PA 12-CV-60004* <br><br> Hon. W. C. Griesbach |
|---|---|

**PLAINTIFF'S RESPONSE TO DEFENDANT GENERAL ELECTRIC COMPANY'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF ARNOLD BRODY, PH.D.**

Plaintiff responds to and opposes General Electric Corporation's (GE) Motion in Limine to exclude the testimony of Arnold Brody, PhD as follows:

BACKGROUND

Arnold Brody is a cellular biologist who has conducted research on the effects of asbestos. Dr. Brody is a professor emeritus in the pathology department at Tulane University Medical School. Dr. Brody was previously the head of the lung pathology laboratory at the National Institute of Environmental Health Sciences and vice chairman of the pathology department at Tulane University. (Ex 2.) Dr. Brody has published extensively in the field of lung disease, including between 130-140 publications relating directly to asbestos, and regularly speaks at national and international conferences concerning lung disease. (Ex 2; Ex 3 at 12). Dr. Brody has testified on behalf of defendants in asbestos cases (Ex 3 at 19.)

ARGUMENT

1

GE mischaracterizes the testimony of Dr. Brody. Dr. Brody's testimony explains to the jury the process by which asbestos fibers after inhalation migrate to selective tissue within the lung and cause mesothelioma. Dr. Brody submitted a Rule 26(a)(2) report in the *Spychalla* case which sets forth the matters covered his testimony. (Ex 1.) An example of his complete trial testimony on the mesothelioma disease process is attached to this motion response. (Ex 4.). Dr. Brody also explains the process by which a series of genetic mutations lead to cancer. (Ex 1 at 3; Ex 4 at 64.) Dr. Brody in his testimony explains exactly how asbestos fibers cause genetic mutations during the cell division process. (Ex 4 at 43-44.)

Dr. Brody's testimony is based on accepted scientific methodology of research involving animal studies, conducted personally by or under the direction of Dr. Brody. (Ex 4 at 8-9, 14.) Most of the research is funded by the U. S. National Institute of Health. (Ex 4 at 12-13.) The research is conducted largely at the cellular level using an electron microscope. Much of his research has been published in the 130-140 articles authored on asbestos. (Ex 2 at 12-23.) Dr. Brody also relies on the published works of other authors. His testimony is directed at assisting the jury to understand exactly how and why asbestos fibers cause mesothelioma in humans. Whether testifying for plaintiffs of defendants, his testimony is the same. (Ex 3 at 19-20.)

GE does not raise issues about the reliability of Dr. Brody's own research, publications, qualifications, or other scientific literature relied upon by Dr. Brody. GE does not even mention the factors which go into the *Daubert* analysis. The Seventh Circuit has noted the three factors which play into the admission of the testimony of an expert as (1) the expert must be qualified as an expert by knowledge, skill, experience, training, or education; (2) the expert's reasoning or methodology underlying his testimony must be scientifically reliable; and (3) the expert's

testimony must assist the trier of fact in understanding the evidence or to determine a factual issue. *Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 893-4 (7th Cir. 2011). Dr. Brody satisfies all three factors. His qualifications are unchallenged. His methodology of using research and published literature as the basis for his testimony unchallenged. Under Federal Rule of Evidence 702, methodology is the primary concern in assessing if expert testimony is reliable. *Manpower, Inc. v. Ins. Co. of Pa.*, 732 F.3d 796, 806 (7th Cir. 2012). The value of the detailed knowledge which Dr. Brody conveys to the jury about the process of asbestos fibers affecting the body is also not challenged. GE gives no basis under *Daubert* for excluding the testimony.

GE primarily attacks Dr. Brody as having in the past stated "every exposure" is a cause.[1] The statement does not even appear in the written report submitted by Dr. Brody in this case. Nonetheless, Plaintiff stipulates the statement will not be offered by Dr. Brody in the *Spychalla* trial. GE also argues Dr. Brody pays no attention to the concept of dose- response. (Ex 5 at 4-5.) However, the past testimony of Dr. Brody includes multiple references to dose-response. (Ex 4 at 49, 63.)

GE argues Dr. Brody cannot testify because his opinions are not specific to Leonard Spychalla. (Ex 5 at 7). That is not true. Dr. Brody will explain how the mesothelioma disease process he has testified about in other cases is the same process that occurred in Spychalla. As discussed above, the relevance of expert testimony is determined by whether the testimony will

---

[1] GE mischaracterizes the ruling in *Krik v. Crane Co., et al*. (ND-IL Case No. 10-cv-7435 Dec. 22, 2014) as excluding the testimony of Dr. Brody. (Ex 5 at 2.) The *Krik* case only held that the testimony of every exposure being a cause could not be offered by any expert – essentially an advisory opinion. As discussed, Dr. Brody does not even mention such testimony in his Spychalla report. The *Krik* opinion also made no reference to Dr. Brody having listed such testimony in his report.

3

assist the trier of fact, not whether the testimony is unique to a particular mesothelioma victim. Fed. Rule of Evid. 702.

Even if Dr. Brody were not permitted to testify to "every exposure" is a cause, his other testimony is not excluded. The Seventh Circuit has cautioned against attempts at wholesale exclusion of an expert based on challenges to "pieces" of their testimony. In *Smith v. Ford Motor Co.*, 215 F.3d 713,721 n.3, the court stated:

> We note that it would be appropriate for a district court to apply *Rule 702* 's requirements to individual pieces of proposed testimony, so that if the district court found a particular part of that testimony irrelevant or unreliable, it could exclude that portion of the testimony without striking the proposed evidence in its entirety.

## CONCLUSION

For the reasons above, GE's motion in limine to exclude the testimony of Dr. Brody should be denied.

Dated: March 9, 2015

\s\ Robert G. McCoy
Attorney for Plaintiff

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com