# IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

SHIRLY SPYCHALLA, Individually and as
Special Administrator of the Estate of
LEONARD J. SPYCHALLA, Deceased

        Plaintiff,

v.

        Case No. 11-CV-00497

AVCO Corporation, et al.

        Defendants.

## DEFENDANT, THE BOEING COMPANY'S REPLY TO PLAINTIFF'S RESPONSE TO ITS MOTION TO EXCLUDE TESTIMONY BASED UPON THE "ANY EXPOSURE" THEORY

In her response, Shirly Spychalla ("Plaintiff") concedes that the "Any Exposure" theory relies on flawed methodology and stipulates that "the testimony that 'each and every exposure' or 'any exposure' is a cause of the asbestos related disease will not be presented at trial as part of the medical causation testimony." Although this stipulation is important, the "Any Exposure" theory is more than just the phrases "each and every exposure" and "any exposure." It is an inherently unreliable and widely unaccepted theory upon which Drs. Anderson, Bedrossian, and Brody (hereinafter, "Plaintiff's Causation Experts.")[1] **cannot base their opinions.** So while Plaintiff states that she will not present the "Any Exposure" theory at trial, it is evident from the reports of Plaintiff's Causation Experts that, despite the stipulation, their opinions in this matter are rooted in

---

[1] Only Drs. Anderson and Bedrossian have prepared expert reports in this matter. The deadline for serving expert reports has long since passed. Accordingly, pursuant to Fed. R. Civ. P. 26(a)(2)(B), Dr. Brody is precluded from offering an

1

the "Any Exposure" theory, thereby rendering them inadmissible. Accordingly, The Boeing Company, erroneously named as Boeing Aerospace Operations, Inc. ("Boeing") respectfully requests that this Court exclude the opinions of Plaintiff's Causation Experts which are based on the Any Exposure theory.

Decedent cites no authority in his response that would support allowing his experts to offer opinions based on the Any Exposure theory. In fact, in the only case cited by Decedent, the court specifically held that relying on the Any Exposure theory "is not an acceptable approach for a causation expert to take." *Krik v. Crane Co., et al.*, No. 10-CV-7435, slip op. at 8 (N.D. Ill. December 22, 2014).

## DISCUSSION

**I.  Decedent Has Conceded That The Any Exposure Theory Is Based On A Flawed Methodology.**

The Any Exposure theory is an inherently unreliable opinion that contradicts Wisconsin law and improperly shifts the burden of proof onto defendants. By stipulating that "the testimony that 'each and every exposure' or 'any exposure' is a cause of the asbestos related disease will not be presented at trial as part of the medical causation testimony," (Plaintiff's Response to Defendant The Boeing Company's Motion to Exclude Testimony Based Upon The "Any Exposure" Theory ("Plaintiff's Response"), pg. 1), Decedent admits that the Any Exposure theory relies on flawed methodology and that any opinion based on the theory is inherently unreliable. *Smith v. Ford Motor Co.*, 2013 WL 214378, at *2 (D. Utah Jan. 18, 2013) (explaining that the Any Exposure theory is "inadmissible speculation that is devoid of responsible scientific support").

In its motion, Boeing moved to "exclude **causation opinions based on** the Any Exposure

opinion in this matter.

theory… ." Defendant The Boeing Company's Motion to Exclude Testimony Based Upon the "Any Exposure" Theory ("Boeing's Motion"), pg. 15 (emphasis added). This motion requests the exclusion of more than just testimony where the phrases "each and every exposure" or "any exposure" are used. Boeing seeks to exclude all opinions based on the Any Exposure theory because such opinions rely on an improper and flawed foundation. In his response, Decedent has identified no authority that contradicts Boeing's argument and, in fact, implicitly conceded that the Any Exposure theory is unreliable. Accordingly, Decedent's experts should be precluded from offering any opinions based on the Any Exposure theory.

**II.     The Only Case Cited By Decedent In His Response Confirms That The Any Exposure Theory Is Flawed.**

Perhaps most tellingly, in the one case cited in Decedent's Response, the court found that "the argument that a single exposure or a *de minimis* exposure satisfies the substantial contributing factor test… incorrectly states the controlling law: it is not that *de minimis* exposure is sufficient, **but that more than *de minimis* exposure is required to prove causation**." *Krik*, No. 10-CV-7435, slip op. at pg. 9. Further, the court specifically held that relying on the Any Exposure theory "is not an acceptable approach for a causation expert to take," *id.* at pg. 8, and barred the plaintiff "from offering any expert testimony espousing the 'Any Exposure' theory, 'Each and Every Exposure' theory, and the 'Single Fiber' theory at trial." *Id.* at p. 12.

Decedent mistakenly claims that the court in *Krik* held only that the "every exposure" statement could not be made. *See* Plaintiff's Response, pg. 1. The plain language of the *Krik* opinion demonstrates that this assertion is erroneous. Further, although the *Krik* court allowed the experts in that case to testify regarding specific defendants, it held that even that testimony was "subject to the Court's ruling precluding testimony as to the "Any Exposure" theory." *Krik*, No. 10-

3

CV-7435, slip op. at pg. 13. Therefore, consistent with the court's holding in *Krik*, Plaintiff's causation experts should be precluded from offering any testimony based on the Any Exposure theory. Further, because the opinions of Decedent's Causation Experts are clearly grounded in a flawed and unaccepted methodology, they should be precluded entirely from testifying at the trial of this matter.

**III.   Decedent's Experts Cannot Base Their Opinions On The Any Exposure Theory.**

Experts cannot offer opinions that rely on a flawed methodology. *Fail-Safe LLC v. A.O. Smith Corp.*, 744 F. Supp. 2d 870, 895 (E.D. Wis. 2010) (explaining that "an unreliable method alone is reason enough to exclude expert testimony"). A flawed methodology undermines an expert's conclusions and requires that the expert's testimony be excluded. *See Lemmermann v. Blue Cross Blue Shield of Wisconsin*, 713 F. Supp. 2d 791, 803 (E.D. Wis. 2010) (excluding expert's testimony where its "infirmities do not go to the weight of the evidence, but rather to the overall reliability of his conclusions"). "Without data, process, theory, or any other testable methodology, expert testimony does not fall within the admissibility standards of *Daubert*." *Flagstar Bank, FSB v. Freestar Bank, N.A.*, 687 F. Supp. 2d 811, 820 (C.D. Ill. 2009).

In this case, despite the fact that Plaintiff concedes that the Any Exposure theory is flawed, Plaintiff's Causation Experts repeatedly and impermissibly rely on the Any Exposure theory in their reports and prior testimony. For example, Dr. Anderson's report states that **"[a]ll exposures** to asbestos substantially contribute" to mesothelioma and that "**any exposure** to asbestos adds to the risk of developing asbestos disease." Report of Dr. Henry A. Anderson dated March 30, 2011 ("Anderson Report") (emphasis added). Similarly, Dr. Bedrossian's report claims that "total and cumulative exposure to asbestos, **from any and all products**, containing any and all fiber types was

4

a significant contributing factor" in Decedent's disease. Report of Dr. Carlos Bedrossian dated March 28, 2011 ("Bedrossian Report") (emphasis added). Finally, despite not issuing a report specific to this case, Dr. Brody is expected to provide testimony supporting the Any Exposure theory as he has done in the past. *See* Report of Dr. Arnold Brody dated October 14, 2011 ("Brody Report").

None of the opinions of Plaintiff's Causation Experts are valid. They have not determined whether Decedent experienced any asbestos exposure from a Boeing product. Furthermore, because Plaintiff's industrial hygienist, Steven Paskal, cannot quantify the dose of exposure Leonard Spychalla ("Decedent") allegedly experienced as a result of work with or around a Boeing product, or even state that Decedent was exposed to asbestos levels above background, Plaintiff's Causation Experts cannot determine that a Boeing product substantially contributed to Decedent's development of mesothelioma absent reliance upon the Any Exposure theory. Accordingly, Decedent's experts can only speculate that he was exposed to some level of asbestos from a Boeing product and then, relying on the Any Exposure theory, claim that the unknown level and unquantifiable exposure was a substantial factor in causing Decedent's injury. This reliance on the Any Exposure theory is entirely inappropriate, and Decedent's experts should be barred from offering such testimony. *See Castellow v. Chevron USA*, 97 F. Supp. 2d 780, 797 (S.D. Tex. 2000) ("In the absence of sufficient, accurate information of exposure levels, [the expert's] opinion is nothing more than speculation. Such result-driven procedures are anathema to both science and law and are properly excluded…."). Indeed, the opinions offered by Decedent's experts in their reports and prior testimony are nothing more than the Any Exposure theory using different words.

**IV.    Decedent's Experts Cannot Offer Different Opinions At Trial.**

Crucially, as Decedent's experts have already issued reports in this matter, they cannot now offer different causation testimony at trial. Federal Rule of Civil Procedure 26 requires each expert to provide a report containing, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B). Here, Decedent's experts have already issued reports containing their opinions with respect to causation, and they cannot now change those opinions to circumvent the exclusion of all testimony based upon the Any Exposure theory. *See Rasmusen v. White*, 70 F. Supp. 2d 807, 819 (N.D. Ill. 2013) ("A complete report must include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefore…." (quoting *Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 742 n.6 (7th Cir. 1998)); *Osterhouse v. Grover*, 2006 WL 2051301, at *2 (S.D. Ill. July 20, 2006) ("All opinions to be expressed must be contained in an expert report."). Accordingly, as Decedent's experts cannot rely upon the Any Exposure theory, as they did in their reports and in prior cases, and cannot offer new opinions at this stage in the case, Drs. Anderson, Bedrossian, and Brody should be precluded from offering any causation opinions in this matter.

## CONCLUSION

As the Any Exposure theory is inherently unreliable, contradicts Wisconsin law, and has been rejected in this Circuit, Boeing respectfully requests that this Court grant its motion and exclude causation opinions based on the theory.

Dated:  March 23, 2015

                                          MUELLER, S.C.

                                          By:     /s/  Lance E. Mueller
                                                   Lance E. Mueller
                                                   WI State Bar No. 1041811

                                        ATTORNEYS FOR THE BOEING COMPANY

4098 N. Lake Dr.
Milwaukee, WI 53211
Phone: 414-435-1111
Facsimile: 414-755-7400
Email: lem@muellersc.com