UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SHIRLEY D. SPYCHALLA,

        Plaintiff,

Case No.: 11-C-497

v.

BOEING AEROSPACE OPERATIONS, INC.,
et al.,

        Defendants.

**BRIEF IN SUPPORT OF MOTION TO STRIKE
DECLARATION OF RODNEY DOSS (DOC. NO. 111-4)**

**INTRODUCTION**

Plaintiff's claims have been pending in one forum or another since May 2009, when Plaintiff Shirley Spychalla first filed a complaint against defendants in a Wisconsin state court. The state court case was eventually dismissed, and the present federal action was commenced in May 2011 and transferred to MDL 875 in the Eastern District of Pennsylvania soon thereafter. The case is now back in this Court on remand from the MDL.

All stages of this litigation — from the initial pleadings to discovery, witness disclosures, and dispositive motions — have been governed by various scheduling orders. Among other things, the scheduling orders set specific deadlines by which the parties were to disclose their respective expert witnesses and reports. Although the deadlines were moved several times by other orders of the MDL court or by stipulations of the parties, the final amended scheduling order in the MDL required Plaintiff to disclose her experts and their reports on or before March 22, 2013. (*See* E.D. Pa. Case No. 12-CV-60004, Doc. No. 244.) Plaintiff filed her Statement of

Expert Witness Reports on that date (E.D. Pa. Case No. 12-CV-60004, Doc. No. 249.) Attached to her expert disclosure was the report of Rodney Doss. (E.D. Pa. Case No. 12-CV-60004, Doc. No. 249-1.) Defendants took Mr. Doss' deposition on May 17, 2013. (*See* Doc. No. 74-23.)

Now, roughly two years later, Plaintiff has suddenly produced a new declaration signed by Mr. Doss on February 26, 2015 ("Doss Declaration"). The new declaration contains new opinions as to Defendant Cessna Aircraft Company ("Cessna") that were not included in Mr. Doss' report or offered at his deposition. (*See* Doc. No. 111-4.)

The Doss Declaration was apparently created at the instance of Plaintiff's counsel solely to bolster their legal arguments against the "bare metal defense" raised by Cessna in its pending motion for summary judgment. (*See* Doc. No. 111; Doc. No. 111-4.) In the declaration, Mr. Doss attempts to offer several sweeping opinions about Cessna's alleged ownership or control over manufacturing specifications and its policies and procedures with respect to aircraft maintenance instructions during the time periods relevant to this case. (*See* Doc. No. 111-4 at ¶¶ 6-16.) Mr. Doss signed similar declarations with respect to the other defendants. (*See* Doc. No. 111-3; Doc. No. 111-5.)

For the reasons set forth below, Cessna respectfully requests that the Doss Declaration be stricken from evidence in this case, pursuant to Fed. R. Civ. P. 37(b)(2)(A), (c)(1). The declaration not only contains new opinions that were not disclosed as required by Fed. R. Civ. P. 26(a)(2); it also contains new opinions for which there are is no factual support in the record. As described in Cessna's Motion to Exclude the opinions of Plaintiff's experts, the statements in the Declaration are also inadmissible under the standards set forth in Fed. R. Evid. 702 and interpreted by the U.S. Supreme Court in ***Daubert v. Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579 (1993). The Doss Declaration does not set out facts that would be admissible in

evidence or show if or how Mr. Doss is competent to opine about the matters described therein. *See* Fed. R. Civ. P. 56(c)(4). Thus, any probative value the Doss Declaration could possibly have is substantially outweighed by the danger of unfair prejudice, misleading the jury, or wasting time. *See* Fed. R. Evid. 403. The Doss Declaration must be excluded.

## ARGUMENT

### I. THE DOSS DECLARATION SHOULD BE STRICKEN BECAUSE IT CONTAINS NEW AND PREVIOUSLY UNDISCLOSED EXPERT OPINIONS IN VIOLATION OF FED. R. CIV. P. 26(a)(2).

Rule 26(a)(2) requires a party's expert disclosure to include a written report setting forth a "complete statement of <u>all</u> opinions the witness will express and the basis and reasons for them," along with the data and information on which the opinions are based and the exhibits that will be used to summarize or support them. Fed. R. Civ. P. 26(a)(2)(B) (emphasis added); ***Tetzlaff v. Heartland Label Printers, Inc.***, 2010 WL 1417933 at *3 (E.D. Wis. April 7, 2010). The party disclosing the expert has a duty to timely supplement his or her expert disclosures if the party later learns "that in some material respect the disclosure . . . is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1). Failure to comply with these requirements is a ground for various sanctions, including striking of pleadings and exclusion of evidence. *See* Fed. R. Civ. P. 37(c)(1)(C). The sanction is automatic and mandatory unless the offending party can show that its violation of Rule 26(a) was either justified or harmless." ***NutraSweet Co. v. X-L Engr. Co.***, 227 F.3d 776, 785-86 (7th Cir. 2000).

As noted above, none of the new opinions contained in the Doss Declaration were included in Mr. Doss' report or offered in his deposition. Any effort to try to "supplement" his report at this point in time would be futile, improper, and unjust. The supplementation contemplated by Rule 26(e) allows parties to proffer information correcting or clarifying original expert opinions that have already been disclosed, <u>not to add entirely new opinions</u>. *See **Thermal***

3

*Design, Inc. v. Guardian Bldg. Prods., Inc.*, 2011 WL 5105590 at *1 (E.D. Wis. Oct. 25, 2011) (stating that supplemental "disclosures are not intended to provide an extension of the expert designation and report production deadline" and that supplemental expert opinions that "threaten to belatedly send the case on a wholly different tack" should be excluded) (quotations omitted); *see also* **Noskowiak v. Bobst SA**, 2005 WL 2146073 at **10-11 (E.D. Wis. Sept. 2, 2005).

The opinions contained in Mr. Doss' report (and discussed at his deposition) related to the nature and extent of Mr. Spychalla's alleged asbestos exposures while performing a variety of maintenance tasks on aircraft. (*See* Doc. No. 74-20.) Cessna's alleged ownership or control over manufacturing specifications and its policies and procedures with respect to aircraft maintenance instructions were <u>never mentioned</u>. (*See id.*) The statements in the Doss Declaration are therefore entirely new opinions. The time for disclosing those opinions under Rule 26 and the applicable scheduling order has long since passed.

## II. THE DOSS DECLARATION SHOULD ALSO BE EXCLUDED BECAUSE PLAINTIFF HAS NOT SUPPORTED THE STATEMENTS THEREIN WITH CITATIONS TO ANY FACTS IN THE RECORD.

As noted above, Plaintiff produced the Doss Declaration as support for her arguments in opposition to the "bare metal defense" raised by Cessna and the other defendants in their pending motions for summary judgment. She presents numerous paragraphs of the declaration as "facts" in her brief opposing the motions. (*See, e.g.,* Doc. No. 111 at 2-4.) In doing so, she essentially asks the Court to deny Cessna's motion on grounds that Mr. Doss' new opinions are undisputed facts that create genuine issues sufficient to overcome summary judgment.

The local rules of this District require a party seeking summary judgment to file "a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the party to judgment as a matter of law." Civil L.R. 56(b)(1)(C). Within

4

16700237v1 0911102
Case 1:11-cv-00497-WCG   Filed 03/23/15   Page 4 of 11   Document 139

30 days of service of the motion, the opposing party must file a "concise response to the moving party's statement of fact" that contains:

> (i) a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon, and
>
> (ii) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph. . . .

Civil L.R. 56(b)(2)(B). The Seventh Circuit has long held that such a local procedural rule "aids the administration of justice and contribute[s] to the orderly conduct of litigation" by requiring "a properly focused response to a motion for summary judgment." ***Tatalovich v. City of Superior***, 904 F.2d 1135, 1140 (7th Cir. 1990).

A district court is free to disregard materials — including affidavits of experts — submitted by a party who does not comply with this procedure. *See id.* at 1139 (holding that district court properly disregarded an affidavit of a plaintiff's expert submitted in opposition to defendant's motion for summary judgment where plaintiff did not respond to defendant's proposed findings of fact; and stating that "[a] district court need not scour the record to make the case of a party who does nothing."); *see also* ***Koszola v. Bd. of Educ.***, 385 F.3d 1104, 1107-09 (7th Cir. 2004) (holding that district court did not abuse its discretion in excluding from consideration affidavits submitted by plaintiff regarding facts not contained in proposed statement of facts required by local rule); ***Bordelon v. Chicago Sch. Reform Bd. of Trustees***, 233 F.3d 524, 529 (7th Cir. 2000) (stating that a "district court is entitled to limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' statements"); ***Indus. Commc'ns & Elecs., Inc. v. Town of Falmouth***, 2000 WL 761002,

5

at *10 (D. Me. May 9, 2000) (stating: "In an attachment to its opposition memorandum, ICE submits additional exhibits. However, these exhibits are not referenced in its Opposing Statement of Fact, nor did ICE submit an additional statement of facts regarding the [claim]. Because ICE has failed to comply with Local Rule 56, I do not consider these additional submissions.").

The Seventh Circuit has also held that "there is nothing improper in enforcing the rule strictly." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994). The plaintiff in that case asserted that her failure to respond to the defendants' proposed findings of fact was immaterial because the "crucial evidence necessary to refute the defendants' factual averments could be found in the affidavit of her expert," which she submitted in conjunction with her summary judgment brief. *Id.* at 923. Rejecting this argument, the Seventh Circuit held that the plaintiff "misconceives the purpose of the factual statements required by [the local procedural rule]." *Id.* The court explained:

> These statements are not merely superfluous abstracts of the evidence. Rather, they are intended to alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own. . . . <u>Nowhere in her summary judgment submission did [plaintiff] attempt to identify the particular facts she believed to be in dispute and to correlate these with the relevant portions of [the expert's] fifteen-page affidavit or the deposition excerpts, and that in essence is what [the local rule] demands.</u>

*Id.* (emphasis added).

The Seventh Circuit might as well have been speaking about Plaintiff in this case. Similar to the *Waldridge* plaintiff, Spychalla totally failed to make any effort to respond to the proposed findings of fact filed by Cessna in support of its motion for summary judgment. (Doc.

6

No. 71.) She also has not submitted a statement of additional proposed facts, with specific citations to the record, that she believes support her position in this case. Hence, all of the facts in this case as they pertain to Cessna's motion are therefore uncontroverted and must be deemed admitted by Plaintiff. *See* Civil L.R. 56(b)(4); **Anderson v. Harris & Harris, Ltd.**, 2014 WL 1600575, slip op. at *2 (E.D. Wis. April 21, 2014); **Des Jardin v. Briggs**, 2007 WL 870121, at *2 (E.D. Wis. March 20, 2007). Because none of the "facts" presented in the Doss Declaration are based on any evidence in the record, the Court should disregard the declaration altogether.

**III. BECAUSE THE OPINIONS IN THE DOSS DECLARATION LACK ANY FACTUAL FOUNDATION, THEY ARE ALSO INADMISSIBLE UNDER FED. R. EVID. 702 AND *DAUBERT*.**

A declaration used to oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The Doss Declaration does not meet these criteria.

As described at length in the briefs supporting Cessna's Motion to Exclude the opinions of Plaintiff's experts, all of Mr. Doss' opinions in this case are inadmissible under Fed. R. Evid. 702 and *Daubert* because, among other things, they lack any factual foundation in the record. (*See, e.g.,* Doc. No. 73 at 7-10, 14-25.) To be admissible, expert opinion must be offered by a witness qualified as such by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. The opinion also must be based on valid "methodologies and principles" of science that support the opinion, not on "subjective belief or speculation." **Metavante Corp. v. Emigrant Sav. Bank**, 619 F.3d 748, 761 (7th Cir. 2010). Thus, there must be a "link between the facts or data the expert has worked with and the conclusion the expert's testimony is intended to support." **Fiserv Solutions, Inc. v. Endurance Am. Specialty Ins. Co.**, 2014 WL 1415339, slip op. at *2 (E.D. Wis. April 14, 2014) (internal citations omitted).

The Declaration generally states that Mr. Doss has "experience in the field of aircraft maintenance," (Doc. No. 111-4 at ¶¶ 2-3), but gives no indication as to how or why he is qualified offer opinions as to whether Cessna "owns or controls all manufacturing specifications for all Cessna aircraft" and if or how he would know Cessna's policies and procedures with respect to aircraft maintenance instructions in the times relevant to this case. (*See id.* at ¶¶ 6-16.) Mr. Doss testified in his deposition that his career centered on quality assurance and inspection. (Larsen Aff. Ex. 22 at 14:23-17:15.) He has done only occasional maintenance jobs since about 1977, <u>long after Mr. Spychalla allegedly worked on Cessna aircraft</u>. (*See id.*)

Even if Mr. Doss was somehow qualified to offer the opinions in the Doss Declaration, he does not cite any facts in the record to indicate what evidence any of his statements are based upon. He only states that his opinions are based upon a "customary and normal practice for all Cessna aircraft," which is apparently nothing more than his own personal experience or subjective belief. As described in Cessna's brief in support of its Motion to Exclude, a witness' personal experience is not a reliable basis for expert opinion. (*See* Doc. No. 73 at 14-25.)

The simple fact is that Plaintiff is essentially attempting to use Mr. Doss as a stand-in for a Cessna corporate representative for evidence as to what Cessna knew or expected with respect to the use of any asbestos-containing replacement parts on its aircraft in the 1960s. Plaintiff's counsel have backed themselves into this corner because they failed to depose any Cessna witnesses while discovery was still open in this case. (*See* E.D. Pa. Case No. 12-CV-60004, Doc. No. 123; Doc. No. 202.) Plaintiff should not be allowed to avoid the consequences of the court's rulings by having Mr. Doss try to speak for Cessna.

## IV. THE OPINIONS IN THE DOSS DECLARATION ARE IRRELEVANT AND ANY PROBATIVE VALUE THEY HAVE IS SUBSTANTIALLY OUTWEIGHED BY DANGERS OF UNFAIR PREJUDICE, CONFUSION, OR WASTE.

Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and the "fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant testimony is not admissible. Fed. R. Evid. 402. Mr. Doss' new opinions in this case are irrelevant and should not be admitted in this case.

Plaintiff's allegations of asbestos exposure as they pertain to Cessna focus on Mr. Spychalla's work at Basler Flight Service ("Basler") from 1966 to 1972. (Doc. No. 116 at 2-6.) As noted above, Mr. Doss did not begin doing even limited maintenance on general aviation aircraft until 1977 at the earliest. (*See* Larsen Aff. Ex. 22 at 14:23-17:15.) Any knowledge Mr. Doss could have with respect to any maintenance procedures or "Instructions for Continued Airworthiness" would therefore relate to time periods after Mr. Spychalla may have worked on or around a Cessna aircraft. This point is further illustrated by the fact that the FAA did not even finalize the creation of the regulations encompassing the "Instructions for Continued Airworthiness" program until 1980. *See* 45 Fed. Reg. 60,171, 60,159 (Sept. 11, 1980).

In addition, since at least 1977, the Federal Aviation Regulations ("FARs") have allowed third parties to make and sell replacement parts for other manufacturers' aircraft, provided that they first obtain authorization — known as a "parts manufacturer approval" or "PMA" — from the FAA to do so. *See* 14 C.F.R. § 21.303. The regulations do not require that the aircraft manufacturer be involved in, or even aware of, the third party's PMA application. *See id.* Thus, in the time period covered by Mr. Doss' new opinions, a PMA holder could make and sell a replacement part for a manufacturer's aircraft without the manufacturer's input or approval. In other words, Cessna would not necessarily have known that all replacement parts sold for its aircraft "met or exceeded" its specifications during that time period.

9

Consideration of Mr. Doss' statements in the Doss Declaration therefore would not assist a jury in determining any fact that is of consequence to the question of what work, if any, Mr. Spychalla did on Cessna aircraft at Basler between 1966 and 1972 and whether such work was a substantial factor in causing the alleged injuries in this case.

Furthermore, a court may exclude even relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or wasting time. *See* Fed. R. Evid. 403. The danger of unfair prejudice or misleading a jury is particularly high where the proffered evidence is presented as "expert" opinion. *See* **United States v. Kladouris**, 964 F.2d 658, 670 (7th Cir. 1992) (stating that "[d]istrict courts must ensure that ensure that expert opinion testimony is in fact expert opinion, not merely opinion given by an expert, . . . and that such testimony would aid the jury."). Moreover, because the statements in the Doss Declaration would not assist the jury in deciding the facts that are actually at issue in this case, the waste of time and resources that the admission of such evidence would cause should go without saying.

## CONCLUSION

For the foregoing reasons, Cessna respectfully requests that its motion be granted and that the Doss Declaration (Doc. No. 111-4) be stricken from evidence in this case, together with any other relief that the Court deems just and proper.

Dated this 23rd day of March, 2015.

/s/ Brett B. Larsen
Russell A. Klingaman
State Bar No. 1000676
Brett B. Larsen
State Bar No. 1064355
Attorneys for Defendant
Cessna Aircraft Company
**HINSHAW & CULBERTSON LLP**
100 E. Wisconsin Avenue
Suite 2600
Milwaukee, WI 53202
Phone No. 414-276-6464
Fax No. 414-276-9220
E-mail Address(es):
rklingaman@hinshawlaw.com
blarsen@hinshawlaw.com

11
16700237v1 0911102
Case 1:11-cv-00497-WCG   Filed 03/23/15   Page 11 of 11   Document 139