# IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF WISCONSIN GREEN BAY DIVISION

SHIRLY SPYCHALLA, Individually and as
Special Administrator of the Estate of
LEONARD J. SPYCHALLA, Deceased

       Plaintiff,

v.

Case No. 11-CV-00497

AVCO Corporation, et al.

       Defendants.

## DEFENDANT THE BOEING COMPANY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE PROPOSED STATEMENTS OF FACT AND RESPONSES TO DEFENDANTS TO PROPOSED STATEMENTS OF FACT

The Boeing Company, erroneously named as Boeing Aerospace Operations, Inc. ("Boeing"), respectfully submits the following Opposition to Plaintiff's "expedited non dispositive motion for leave to file her proposed statements of fact and her responses to defendants proposed statements of fact":

    1.    In accordance with the Scheduling Order issued by this Court, Boeing and the remaining defendants filed Motions for Summary Judgment on January 15, 2015. As requested by plaintiff's counsel, the Court granted plaintiff additional time to respond to the foregoing motions, extending the deadline for doing so to March 9, 2015. Plaintiff filed her responses at that time, and Boeing and the remaining defendants filed their replies on March 23, 2015, consistent with the deadline imposed by the Court.

1

2. Boeing timely filed Proposed Findings of Fact in support of its Motion for Summary Judgment as required by Civil Local Rule 56(b)(1)(C). Plaintiff did not respond to Boeing's Proposed Findings of Fact in a timely manner as required. *See* Civil L.R. 56(b)(2)(B)(i). As a result, Boeing's proposed findings are deemed admitted for purposes of its pending summary judgment motions. *See* Civil L. R. 56(b)(4)("The Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment.") Plaintiff also did not submit her own proposed findings as required by local rule. *See* Civil L.R. 56(b)(2)(B)(ii)

3. On April 14, 2015 plaintiff filed a motion asking this Court for leave to file proposed statements of fact and respond to defendants proposed statement of facts. Plaintiff's request comes approximately thirty-seven (37) days after plaintiff's proposed findings and responses were due as required by Court order and twenty-three (23) days after Boeing's reply memorandum was due.

4. The Seventh Circuit has long held that local procedural rules of the nature referenced above "aid[] the administration of justice and contribute to the orderly conduct of litigation" by requiring "a properly focused response to a motion for summary judgment." *Tatalovich v. City of Superior*, 904 F.2d 1135, 1140 (7th Cir. 1990). The Court can strictly enforce them. *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994). Further, the Court has the ability to refuse to consider filings that do not comport with local rules relating to summary judgment filing, particularly where "good cause" has not been established and the deficiencies are not mere technicalities. *See Villager Franchise Systems, Inc. v. Vaver*, No. 04-CV-517, 2006 WL 3377916, pg. 8 (E.D. Wis. Nov. 20, 2006)(granting motion to strike motions that did not comply with local rules where no "good cause" shown); *Guy v. Maio,* 227 F.R.D. 498, 500 (E.D. Wis. 2005) (striking dispositive motion filed by pro se litigant where summary judgment filings did not comply with

local rules.)

6. The plaintiff has made no attempt to show that "good cause" exists for this untimely filing and this is no mere technical oversight. Plaintiff ignored the proposed findings filed by Boeing entirely (contrary to Civil L.R. 56(b)(2)(B)(i)) and compounded the error by failing to submit her own proposed findings (contrary to Civil L.R. 56(b)(2)(B)(ii)). These shortcomings are particularly egregious in light of the fact that the proposed findings submitted by Boeing specifically reference the corresponding local rule and ask that the Court accept them as true unless admissible evidence is submitted in response.

7. Boeing filed a reply memorandum on March 23, 2015, in which it treated its proposed findings of facts as admitted for the purposes of summary judgment. Should plaintiff be permitted to file responses to Boeing's proposed findings of facts six weeks after they are due, Boeing's reply memorandum would be retroactively impacted, necessitating filing of a supplemental reply memorandum.

8. Plaintiff's Motion makes reference to the family loss experienced by plaintiff's counsel on March 27, 2015, approximately three weeks after Plaintiff's Opposition to summary judgment was filed. Notably, Boeing agreed without hesitation to accommodate plaintiff's request, in light of that loss, for an extension to Oppose Boeing's Motion for Leave to Assert the Government Contractor Defense. The proposed statements of fact and responses to Boeing's statements of fact which are the subject of the instant motion are a separate matter entirely, however, as the deadline for filing passed weeks prior to the loss referenced in plaintiff's motion.

9. Allowing these late filings will trigger an obligation by Boeing to reply to plaintiff's proposed findings within 14 days. *See* Civil L.R. 56(b)(3)(B)(providing for "a reply to any

3

additional facts submitted by the opposing party pursuant to subsection (b)(2) above, in the form prescribed in section (b)(2)(B)(i) above.") The Court's opportunity to review the reply materials in advance of the hearing on these motions scheduled for May 12, 2015 may be limited.

10. Plaintiff's Proposed Findings of Fact and Responses to Boeing's Proposed Findings of Fact rely primarily upon the unsubstantiated, speculative opinions of their experts. For the reasons set-forth in Boeing's Motions for Summary Judgment and Daubert Motions, which are incorporated by reference herein, plaintiff should not be permitted to rely upon the inadmissible opinions of her experts to defeat summary judgment.

11. Boeing respectfully requests that plaintiff's motion be denied, and that its proposed findings of fact be accepted as true for summary judgment purposes as required by local rule.

DATED: April 21, 2015

                                    MUELLER, S.C.

                                    By: /s/ Lance E. Mueller
                                          Lance E. Mueller
                                          WI State Bar No. 1041811

                                  ATTORNEYS FOR THE BOEING COMPANY

4098 N. Lake Dr.
Milwaukee, WI 53211
Phone: 414-435-1111
Facsimile: 414-755-7400
Email: lem@muellersc.com