UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SHIRLEY D. SPYCHALLA,

    Plaintiff,

Case No.: 11-C-497

v.

BOEING AEROSPACE OPERATIONS, INC.,
et al.,

    Defendants.

**DEFENDANT CESSNA AIRCRAFT COMPANY'S RESPONSE TO PLAINTIFF'S AMENDED CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION FOR LEAVE TO FILE PROPOSED STATEMENTS OF FACT AND RESPONSES TO DEFENDANTS' PROPOSED STATEMENTS OF FACT**

Defendant Cessna Aircraft Company ("Cessna") responds to the above-referenced motion (Doc. No. 146) as follows:

1. Pursuant to the Court's Scheduling Order, Cessna filed a motion for summary judgment, together with a supporting brief, affidavit, and proposed statements of fact as required by Civil L.R. 56(b)(1), on January 15, 2015. (Doc. Nos. 69-71, 74.) The other defendants filed similar motions and supporting materials on the same day. (*See* Doc. Nos. 75-79, 81, 87, 90.)

2. Under Civil L.R. 56(b)(2), Plaintiff's responses to the motions for summary judgment, including Defendants' proposed statements of fact, were due on February 14, 2015.

3. On January 26, 2015, Plaintiff sought a 21-day extension of time to respond to Defendants' motions. (Doc. No. 94.) The Court granted the request, allowing Plaintiff to have until March 9, 2015 to file her responses. (Doc. No. 102.)

4. Plaintiff filed briefs in opposition to Defendants' motions for summary judgment on that date, but did not respond to any defendant's proposed findings of fact as required by Civil L.R. 56(b)(2)(B)(i). She also failed to submit her own proposed additional findings as required by Civil L.R. 56(b)(2)(B)(ii). As such, all of Cessna's proposed findings of fact are uncontroverted and must be admitted. *See* Civil L.R. 56(b)(4); **Anderson v. Harris & Harris, Ltd.**, 2014 WL 1600575, slip op. at *2 (E.D. Wis. April 21, 2014); **Des Jardin v. Briggs**, 2007 WL 870121, at *2 (E.D. Wis. March 20, 2007).

5. Cessna and the other defendants timely filed their reply briefs in support of their summary judgment motions on March 23, 2015. (Doc. Nos. 128-130, 135.)

6. Now, more than a month late and only a few weeks before the hearing on the motions, Plaintiff seeks leave to file proposed statements of additional facts and responses to Defendants' proposed findings of fact. (Doc. No. 146.) In doing so, she essentially asks the Court for a roughly 40-day extension of the March 9, 2015 deadline for her responses (on top of the 21-day extension she already received).

7. When an act may or must be done within a specified time, the Federal Rules of Civil Procedure allow a court to exercise its discretion and, for good cause, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). The court must consider all relevant circumstances surrounding the party's failure to act, including the danger of prejudice to the defendant, the length and reasons for the delay, and the potential impact of the delay on judicial proceedings. *See* **S.J. Props. Suites v. STJ, P.C.**, 2009 WL 4640633, at *8 (E.D. Wis. Nov. 30, 2009).

8. None of Plaintiff's arguments and/or excuses entitle her to the relief she requests. As noted above, her attorneys had almost two months (from January 15 to March 9) to respond

to the dispositive motions, including Defendants' proposed findings of fact. In other words, they had ample time to familiarize and comply with this Court's procedural rules. The Seventh Circuit has not only held that rules like Civil L.R. 56(b) "aid[] the administration of justice and contribute to the orderly conduct of litigation" by requiring "a properly focused response to a motion for summary judgment," **Tatalovich v. City of Superior**, 904 F.2d 1135, 1140 (7th Cir. 1990), but that such rules can be strictly enforced. *See* **Waldridge v. Am. Hoechst Corp.**, 24 F.3d 918, 924 (7th Cir. 1994); *see also* **White v. Bentsen**, 31 F.3d 474, 476 (7th Cir. 1994) (stating: "One who decides to follow a schedule of his own devising, for reasons of his own invention, has no legitimate complaint when the tribunal adheres to the rules.").

9. Plaintiff states that her proposed additional facts and responses to Defendants' statements of fact were delayed because of a death in her attorney's family during the week of March 27, 2015. (Doc. No. 146 at ¶ 5.) Counsel's loss is worthy of condolences and may explain some delay in filing the present motion after March 27,[1] but it does not justify Plaintiff's failure to comply with a filing deadline that passed three weeks before that date, particularly where the Court already gave her 21 extra days to comply.

10. Contrary to Plaintiff's assertions, Cessna will be unfairly prejudiced if the present motion is granted. For one thing, Cessna already filed its reply brief in support of its motion for summary judgment on March 23, 2015. Because all of Cessna's proposed findings of fact were uncontroverted for purposes of summary judgment, Cessna had no reason to address many of Plaintiff's unfounded factual assertions at that time. Plaintiff should not be allowed to respond to Cessna's proposed findings now that Cessna's opportunity to raise legal arguments related to those assertions has passed.

---

[1] Plaintiff filed her initial expedited motion for leave on April 14, 2015, (Doc. No. 145), but replaced it with the present amended motion on April 15. (Doc. No. 146 at 1 n.1.)

16703035v1 0911102

11. Any late filings by Plaintiff would also prejudice Cessna by limiting the Court's opportunity to review Cessna's reply materials before the May 12, 2015 hearing. Even if the Court was inclined to grant Plaintiff's motion and did so immediately, Defendants would still have 14 days to reply to Plaintiff's submissions. *See* Civil L.R. 56(b)(3)(B). By the time the replies were filed, the Court would have only a few business days to review six new submissions (i.e., one for each of the lengthy exhibits attached to Plaintiff's motion). All defendants would be unfairly prejudiced if the Court does not have sufficient time to thoroughly review the materials submitted before deciding the pending dispositive motions.

WHEREFORE, Cessna respectfully requests that Plaintiff's motion be denied and that Cessna's Proposed Findings of Fact (Doc. No. 71) be deemed admitted for summary judgment purposes as described above.

Dated this 22nd day of April, 2015.

/s/ Brett B. Larsen
Russell A. Klingaman
State Bar No. 1000676
Brett B. Larsen
State Bar No. 1064355
Attorneys for Defendant
Cessna Aircraft Company
**HINSHAW & CULBERTSON LLP**
100 E. Wisconsin Avenue, Suite 2600
Milwaukee, WI 53202
Phone No. 414-276-6464
Fax No. 414-276-9220
E-mail Address(es):
rklingaman@hinshawlaw.com
blarsen@hinshawlaw.com