**IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF WISCONSIN GREEN BAY DIVISION**

---

SHIRLY SPYCHALLA, Individually and as
Special Administrator of the Estate of
LEONARD J. SPYCHALLA, Deceased

        Plaintiff,

                              Case No. 11-CV-00497

v.

AVCO Corporation, et al.

        Defendants.

---

## AGREED PROTECTIVE ORDER

---

WHEREAS, Plaintiff and Defendant The Boeing Company ("Boeing"), sued individually and as successor in interest by merger to the McDonnell Douglas Corporation (collectively, the "Parties"), all contemplate that dispositive motion practice in the above-captioned action (the "Action") will involve the exchange of information, and the production of documents and other materials by the Parties, which may contain information in the nature of personal information, trade secrets, export- or import- controlled information or documents, or information otherwise of a confidential, regulated or proprietary nature, as described more fully below; and

WHEREAS, in order to establish a procedure that would, among other things, protect the Parties from public or improper disclosure of such personal information, trade secrets, export- or import- controlled information or documents, or information otherwise of a confidential, regulated or proprietary nature that might result in damage to the Parties or to a third-party or in

the violation of applicable laws and regulations, the Parties are willing to reasonably limit the disclosure and dissemination of personal information, trade secrets, export- or import-controlled information or documents, or information otherwise of a confidential, regulated or proprietary nature that are in the possession, custody, or control of one of the Parties or a third-party, while at the same time allowing the Parties to obtain discovery thereof under the terms and conditions set forth below;

WHEREAS, this protective order (the "Protective Order") will also expedite the flow of discovery materials, protect the integrity of confidential or regulated information, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material worthy of protection;

WHEREAS, good cause as required by E.D. Wis. Civil L. R. 26(e) has been shown.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. <u>Scope and Application of Protective Order.</u> This Protective Order shall govern the handling of all documents, materials, items, and all other information produced by or between the Parties to the Action, or by non-parties in connection with the Action, including all documents and information produced pursuant to interrogatories, depositions, requests for production of documents, requests for admissions, subpoenas, or other discovery requests (whether formal, informal, or voluntary), and all information provided by Boeing in connection with any evidentiary hearing or other proceedings conducted during the course of this Action, which documents are or should be designated as "Confidential" or "Confidential Information" as defined herein.

2. <u>Documents.</u> The term "documents" includes all writings, records, files, drawings, blueprints, graphs, charts, photographs, e-mails, video tapes, audio tapes, compact discs,

2

electronically stored information, electronic messages, other data compilations from which information can be obtained and other tangible things subject to production under the Federal and Wisconsin Rules of Civil Procedure.

3. <u>Export Control Restrictions</u>

3.1 It is understood that certain documents may contain information subject to the export- and import-control laws and regulations of the United States including, but not limited to, the U.S. Arms Export Control Act, as amended, 22 U.S.C. § 2751-2799, the International Traffic In Arms Regulations ("ITAR"), as amended, 22 C.F.R. §§ 120-130), the Export Administration Act, as amended, 50 U.S.C. §§ 2401-2420, and/or the U.S. Export Administration Regulations, as amended, 15 C.F.R. § 730 et seq. (collectively, "U.S. Export Control Laws"). These regulations restrict the transfer of information to non-U.S. persons, whether in the United States or elsewhere, and prohibit transfer of the documents or information contained therein to Foreign Persons (as that term is defined in 22 CFR 120.16) without prior authorization from the State Department or Commerce Department, depending on the information.

3.2 In addition to any confidentiality designations, Boeing shall further designate any materials or information that it believes to be subject to U.S. Export Control Laws as "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations." Such materials and information shall be subject to the additional restrictions and procedures set forth in Paragraph 3.4.

3.3 In handling the documents designated as "SENSITIVE--SUBJECT TO EXPORT CONTROL," the receiving Party must comply with all applicable U.S. Export Control

3

Laws. If classified data is involved, the receiving Party must also comply with the National Industrial Security Program Operating Manual, DoD 5220.22-M ("NISPOM"). By accepting these documents, the receiving Party represents and warrants that he/she/it is a U.S. Person (as that term is defined in ITAR at 22 CFR 120.15), and that the receiving Party will comply with all applicable export and import laws and regulations.

      3.4    Information additionally designated "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" shall not be disclosed to any person who is not a U.S. Person as defined by the U.S. export control laws and regulations. Further:

      3.4.1  Each party or person who receives materials or information designated as "SENSITIVE—SUBJECT TO EXPORT CONTROL —U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" shall become familiar with U.S. Export Control Laws, and shall adhere to all U.S. Export Control Laws and requirements specified in those laws, rules, and regulations.

      3.4.2  If materials or information designated "SENSITIVE—SUBJECT TO EXPORT CONTROL —U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" are stored on a server, access to the server shall be password protected, access to the server shall be limited to access by U.S. persons, and the server shall be maintained by only U.S. Persons as defined by the U.S. Export Control Laws.

3.5     Whenever a deposition taken on behalf of any party or a hearing involves a disclosure of information regulated by United States laws restricting the transfer of information to non-U.S. persons, whether in the U.S. or elsewhere, and may not be transferred to Foreign Persons (as that term is defined in 22 CFR 120.16) without prior authorization from the State Department or Commerce Department ("Sensitive – Subject to Export Control"):

3.5.1   The deposition, hearing, or portions of the deposition or hearing must be designated as containing such information subject to the provisions of this Protective Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions or hearings as containing such information after transcription of the proceedings.  A party will have until thirty (30) days after receipt of the deposition or hearing transcript to inform the other party or parties to the action of the portions of the transcript to be designated "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations."

3.5.2   Until expiration of the 30-day period described in Subparagraph 3.5.1 above, the entire deposition or hearing transcript shall be treated as though marked "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" unless a different confidentiality level is requested at the time of the deposition or hearing by the party whose designated material is at issue and such request is agreed to by the producing party.

3.5.3   No persons except for those permitted access by this Protective Order shall be permitted to attend the deposition at such time as Sensitive—Subject To

5

Export Control designated information is disclosed. At a hearing or trial, Sensitive—Subject To Export Control information may only be introduced or disclosed in a closed courtroom or in chambers. No persons except for those permitted access by this Protective Order shall be permitted to attend any hearing or trial at such time as Sensitive—Subject To Export Control information is disclosed. The Party seeking to introduce or disclose Sensitive—Subject To Export Control information at a hearing or trial shall provide Boeing with advanced notice before such information is introduced or disclosed.

3.5.4 The originals and all copies of deposition, hearing, or trial transcripts, as well as any materials produced in discovery, including, but not limited to, answers to interrogatories, responses to requests for admissions, or other documents which contain information which is Sensitive—Subject To Export Control must bear the legend "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations," and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal in accordance with the process and procedures detailed in E.D. Wis. General L.R. 79(d), identified as being subject to this Protective Order, and protected from being opened except by court order,.

3.6 The restrictions and obligations set forth within this Protective Order will not apply to any information that: (a) Boeing agrees in writing should not be designated Confidential Information or Sensitive—Subject To Export Control; (b) Boeing agrees in writing, or the Court rules, is already public knowledge; (c) Boeing agrees in writing, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its

6

employees, or its agents in violation of this Protective Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party.  Prior knowledge must be established by pre-production documentation.

   3.7 Notwithstanding any of the foregoing, the restrictions and obligations set forth within this Protective Order applicable to materials designated "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" apply regardless of whether or not such materials otherwise qualify as Confidential Information.

   4. <u>Nondisclosure of Confidential Information</u>.

   4.1 Information may be designated as Confidential if the information constitutes (i) a trade secret as defined under law; (ii) confidential business information, the disclosure of which might adversely affect or prejudice business or competitive position of Boeing or any of their past or present subsidiaries, affiliated companies, or divisions, within their trade or business; (iii) non-public financial information relating to Boeing or any of its present or past subsidiaries, affiliated companies or divisions; (iv) non-public information which Boeing is under an obligation to any other person to maintain in confidence; (v) any information otherwise protected from disclosure by the applicable rules of civil procedure and/or rules of evidence; or (vi) Boeing proprietary information.  "Confidential Information" will mean and include information contained or disclosed in any materials, including without limitation, documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential under any of the confidentiality designations set forth in this Protective Order by any party to which such

7

information belongs. All documents marked as "Proprietary" will be considered as "Confidential Information" for the purposes of this Protective Order.

4.2 Except as otherwise provided by order of the Court, no document containing Confidential Information, including information contained therein, shall be furnished, shown, or disclosed to any persons except: (i) counsel for the Parties, including paralegals, vendors and other professional personnel assisting those attorneys in the preparation and trial of this action; (ii) experts and consultants who are assisting said counsel in preparation and/or trial; (iii) potential or actual witnesses (and their counsel) who may be called to testify at depositions or trial; (iv) the Court and employees of the Court; (v) court reporters or videographers; and (vi) non-party witnesses employed by the same entity as the Plaintiff whom are reasonably believed to provide relevant testimony in connection to the instant litigation.

4.3 If any person receiving Confidential Information shares such Confidential Information with persons enumerated in Paragraph 4.2, above, they must do so in accordance with the terms of this Protective Order and must take all steps to insure that the confidential nature of the Confidential Information is maintained pursuant to this Agreement.

4.4 Each person to whom Confidential Information is disclosed by counsel shall be provided with a copy of this Protective Order. Prior to being given access to these materials, each such person shall acknowledge in writing his/her agreement to be bound by the terms of this Protective Order by executing the form specified in Attachment A. Plaintiffs shall provide Boeing's counsel with an Acknowledgement executed by the intended recipients in which they agree to be bound by the terms of this Protective Order prior to disclosing the Confidential Information.

4.5     Any attorney who discloses Confidential Information shall maintain in his/her office an executed acknowledgment in the form of Attachment A from each person to whom such Confidential Information has been disclosed.

4.6     Furnishing the written acknowledgements to the Court shall not constitute a waiver of the attorney work product or attorney-client privilege.

4.7     Plaintiffs' attorneys of record shall be designated to receive copy of Confidential Information (the "Designees").  The Designees shall not disclose the Confidential Information to any other person(s) other than those enumerated in Paragraph 4.2 above or for any purpose other than to prosecute the Action.  After review of the Confidential Information, the Designees shall maintain it in a sealed container that bears the name of the above-referenced lawsuit, the words "CONFIDENTIAL AND PROPRIETARY" and a statement substantially in the following form: "CONFIDENTIAL AND PROPRIETARY. TO BE FILED, MAINTAINED, AND/OR RETAINED UNDER SEAL ONLY."  The Designees may subsequently review the Confidential Information, but must immediately return the Confidential Information to its container as outlined above after such review.

4.8     Counsel for Plaintiffs must inform counsel for Boeing if they intend to submit Confidential Information to the Court prior to filing such documents with the Court. Counsel for Boeing will review the Confidential Information and determine whether the documents must be filed under seal.  If no agreement can be reached concerning filing the Confidential Information under seal, Boeing will move for a protective order and Plaintiffs (or any other party) cannot submit the Confidential Information to the court without a Court order.

4.9     The Parties agree that there is no public interest in disclosure of the Confidential Information, which contains competitively sensitive operational, and other

9

confidential information and trade secrets in which Boeing has a genuine and cognizable interest, and that should a competitor of either Boeing, or a competitor of an entity affiliated with Boeing, obtain access to this information, it could cause serious harm by giving the competitor an unfair advantage.

4.10    The Parties agree that the Confidential Information may be used by any or all parties to the instant litigation for any lawful purposes at deposition and/or trial and may be attached as an Exhibit to any depositions taken for these purposes.  In the event that the Confidential Information is attached as an Exhibit by any party, Boeing's counsel will inform the party so doing, that it must agree through the execution of the Acknowledgement attached hereto, to be bound to the terms of this Protective Order.

4.11    If the Designees, or the Designees' principal or authorized agent receives a subpoena or other process ("Subpoena") demanding production of Confidential Information, the Designees and/or the recipient of the subpoena shall promptly give notice of the same by electronic mail, certified express mail (return receipt requested), overnight delivery, or facsimile transmission to counsel of record for Boeing and shall furnish such counsel with a copy of the Subpoena or other request so that Boeing may, in its sole discretion, move to quash or limit the Subpoena or request or otherwise oppose production of the Confidential Information.  The person receiving the Subpoena or other request shall not produce the Confidential Information until Boeing has had a reasonable opportunity to challenge the Subpoena or request.

5.    Produced Documents.    The designation of information or material as "Confidential Information" for purposes of this Protective Order shall be made in the following manner by Boeing:

5.1.    In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "Confidential" to each page of any document containing any Confidential Information or material at the time such documents are produced or such information is disclosed, or as soon after that as Boeing becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder; and

5.2    In the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential," hereunder; or (ii) by written notice of such designation sent by counsel to all parties within 30 days after the mailing (via overnight mail) to counsel of the transcript of the deposition, pretrial or trial testimony.  During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed "Confidential."  Unless so designated or agreed, any confidentiality is waived after the expiration of the 30-day period unless otherwise stipulated or ordered.  The Parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court.  If any document or information designated as "Confidential" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped "Confidential," and access thereto shall be limited pursuant to the other terms of this Protective Order.

11

6.     <u>Objections to Designations.</u>     Plaintiffs may object to the designation of Confidential Information, including objections to portions of designations of multi-page documents.  Should Plaintiffs object to the designation of certain Confidential Information, Plaintiffs shall identify the document(s) that they in good faith believe should not be designated Confidential, and shall provide a brief statement of the grounds for such belief.  Counsel for Plaintiffs and Boeing shall thereafter confer within 10 days from Boeing's receipt of such notice of objection in an attempt to resolve their differences.  If the Parties cannot agree with respect to the treatment to be accorded the material that has been designated as Confidential Information, either party may file a motion with the Court with respect to the designation(s) of any disputed material.  During the pendency of this process, including any appeal, the provisions of this Protective Order shall remain in force and the disputed material shall be accorded treatment as Confidential Information.  If the Court rules that a Confidential designation should not be maintained as to a particular document, or if Boeing expressly waives the designation of Confidentiality, then Boeing shall, upon written request of Plaintiffs, provide Plaintiffs a copy of the document(s) without the Confidential designation marked upon it.

7.     <u>Amendment.</u>  Any part or parts of this Protective Order may be amended at any time by Court order pursuant to written stipulation of the Parties or by order of this Court for good cause shown.

8.     <u>No Implied Waivers.</u>  The entry of this Protective Order shall not be interpreted as a waiver of the right to object, under applicable law, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities. Parties producing Confidential Information in this litigation are doing so only pursuant to the terms of this Protective Order.  Neither the agreement to, or the taking of any action in accordance with

12

the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

9. <u>No Admission.</u> Entering into, agreeing to, and/or receiving information or material designated as "Confidential Information" or otherwise complying with the terms of this Protective Order shall not:

9.1 be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding;

9.2 operate as an admission by any party that any particular information or material designated as "Confidential Information" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

9.3 operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential;"

9.4 prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

9.5 prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

9.6 prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

9.7    prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

9.8    prejudice in any way the rights of a party to make a showing that information or materials are of proprietary or competitive value;

9.9    prevent the Parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material;

9.10    shift any evidentiary burdens with respect to the protection or production of documents or information in this action; or

9.11    prevent the Parties from contacting or obtaining testimony from witnesses identified in documents designated as "Confidential" under this Protective Order.

10.    <u>Handling upon Conclusion of the Action.</u>    Within thirty (30) days of final termination of the Action, including any and all appeals, all Parties, counsel, and persons to whom disclosure was made shall immediately destroy or return all information marked as "Confidential Information" or materials designated "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations," to the producing party, including any copies, excerpts, and summaries of that information, and must purge all such information from all machine-readable media on which it resides.  The receiving party shall verify the return or destruction described herein upon Boeing's request.  Within the same thirty (30) day timeframe, each Party also shall contact each person to whom that Party has provided a copy of any Confidential Information or materials designated "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export

14

Administration Act, U.S. Export Administration Regulations," and request the documents be immediately destroyed or returned.

11.     <u>Inadvertent Failure to Designate as Confidential.</u>     The inadvertent and/or unintentional failure to designate any documents as Confidential Information in accordance with this Protective Order shall not be deemed a waiver in whole, nor in part, of a Party's claim of confidentiality or status as export controlled.  In the event of the disclosure of such information, the information shall be designated as Confidential Information by the Party as soon as reasonably possible after the Party becomes aware of the disclosure and such information shall thereafter be treated as Confidential subject to this Protective Order.  No liability shall attach to any Party's disclosure of such information from the time of receipt of the information until such time as the Party properly designates it as Confidential Information.

12.     <u>Inadvertent Disclosure of Privileged Documents or Information.</u>

12.1     <u>Inadvertently Produced Document.</u>  For purposes of Paragraph 12 of this Protective Order, an "Inadvertently Produced Document" is a document produced to a Party in this litigation that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product protection, or other applicable privilege.

12.2     <u>No Waiver of Privileges or Rights.</u>  Inclusion of any Inadvertently Produced Document in a production shall not result in the waiver of any privilege or protection associated with such document, nor result in a subject matter waiver of any kind.

12.3     <u>Notice of Inadvertently Produced Document.</u>  A producing Party may demand the return of any Inadvertently Produced Document, which demand shall be made to the receiving Party's counsel in writing and shall contain information sufficient to identify the Inadvertently Produced Document.  In addition, a Party which determines that it may have

15

received an Inadvertently Produced Document shall immediately notify the producing Party of the inadvertent disclosure. The producing Party may then provide notice of the inadvertent disclosure to the receiving Party.

12.4 <u>Response to Inadvertently Produced Document.</u> Upon receipt of a written demand for return of an Inadvertently Produced Document, the receiving Party shall immediately return the Inadvertently Produced Document (and any copies thereof) to the producing Party and shall immediately delete all electronic versions of the document and all notes or other work product reflecting the contents of such material. The Parties agree that no copies shall be made of the Inadvertently Produced Documents.

12.5 <u>Objection to Designation.</u> The receiving Party may object to the producing Party's designation of an Inadvertently Produced Document by providing written notice of such objection within five (5) business days of its receipt of a written demand for the return of an Inadvertently Produced Document. The Parties shall confer within ten (10) days after the date of such objection in an attempt to resolve their differences, unless the Parties agree to a longer time. If the Parties are unable to resolve their differences, the objecting Party shall have 21 days after the conference concludes to file with the Court a motion. Any such motion shall be resolved by the Court after an *in camera* review of the Inadvertently Produced Document. Pending resolution of the matter by the Court, the Parties shall not use any documents that are claimed to be Inadvertently Produced Documents in this litigation.

13. <u>Unauthorized Disclosures.</u> All persons receiving documents designated as Confidential Information under the terms of this Protective Order agree to the jurisdiction of this Court for all matters arising from the improper disclosure or use of such Confidential Information. If Confidential Information is disclosed to any person other than in the manner

16

authorized by this Protective Order, the Party or person responsible for the disclosure, and any other Party or person who is subject to this Protective Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating Party. Without prejudice to other rights and remedies of the designating Party, the responsible Party or person shall make every effort to obtain the return of the Confidential Information and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information. The Court shall retain jurisdiction over any disclosing party for the purpose of enforcing this Protective Order.

14. <u>Court Filings.</u> Nothing in this Protective Order shall restrict the conduct of the Court or its personnel in handling, viewing, referencing or retaining documents necessary to the adjudication or resolution of the instant case. Nor shall any provision of the Protective Order impose upon the Court or its personnel any obligation to retain in a particular format, or to return to Counsel, specific documents. Documents clearly marked "PROVIDED UNDER SEAL" will be retained by the Court, returned to Counsel, or destroyed by the Court at the conclusion of the case.

15. <u>Subpoena or Other Demand for Disclosure.</u> If any party (i) is subpoenaed in another action; (ii) is served with a demand in another action to which it is a party; or (iii) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as confidential by someone other than that party, the party shall give prompt actual written notice, by email or fax transmission, within ten (10) days of receipt of such subpoena, demand or legal process, to those who produced or designated the information or material confidential and shall take reasonable efforts to preserve the designating party's right to object to its production to the extent permitted by law. Should the person seeking

17

access to the information or material take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

16. <u>Care in Storage.</u> Any person in possession of Confidential Information produced by another Party shall exercise appropriate care with regard to the storage, custody, copying, and use of the Confidential Information to ensure that the confidential and sensitive nature of same is maintained.

17. <u>Parties' Own Documents.</u> This Protective Order shall in no way restrict the Parties in their use of their own documents and information, and nothing in this Protective Order shall preclude any Party from voluntarily disclosing its own documents or information.

18. <u>No Effect on Other Rights.</u> This Protective Order shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any Party with respect to Confidential Information.

19. <u>Modification.</u> In the event any Party seeks a Court order to modify the terms of this Protective Order, said Party shall make such request by written stipulation or noticed motion to all Parties that must be served and filed in accordance with local court rules.

SO ORDERED THIS 2nd DAY OF JULY, 2015.


  s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

20