UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHIRLEY D SPYCHALLA,

    Plaintiff,

v.                                                      Case No. 11-CV-497

BOEING AEROSPACE OPERATIONS INC et al.,

    Defendants.

## ORDER DENYING MOTIONS FOR RECONSIDERATION

    Defendants The Boeing Company (erroneously named "Boeing Aerospace Operations Inc." in the complaint) and Cessna Aircraft Company have filed motions for reconsideration of this court's June 3, 2015 decision and order denying their motions for summary judgment and disposing of a number of other pre-trial motions. Boeing also requests certification of an interlocutory appeal on the issue of whether the "bare metal defense" is consistent with Wisconsin law. Plaintiff responded to these motions late. The motions were filed under Civil L.R. 7(h), but rather than respond in the required 10 days, Plaintiffs merely filed an "objection" stating that the defendants failed to show good cause to expedite the motions. (ECF No. 170.) No such showing is required. In any event, the defendants' motions will be denied.

    Boeing's first argument for reconsideration is that it did not, contrary to what the court wrote in the summary judgment decision, install any "original" asbestos-containing component parts in the airplanes Plaintiff's deceased husband worked with. All three defendants had argued that they should not be liable under the "bare metal defense" when Mr. Spychalla had not come into contact with any parts that they actually manufactured or sold. But I reasoned that it would make little sense to

preclude liability for the design of an unreasonably dangerous product simply because the original asbestos parts placed in the product by its manufacturer had subsequently been swapped out with asbestos replacement parts of the same kind. Boeing now reminds the court that before Mr. Spychalla ever came into contact with them, Boeing's planes had been sold to the military and then converted for civilian use by third parties. So Boeing argues it did not really install "original" component parts on the civilian aircraft, the third parties did. (ECF No. 160 ¶ 8.) But the facts before the court support the inference, as Boeing seems to acknowledge, that it designed the planes in the first place to have asbestos component parts. (*See id.* ¶ 8 n.1.) Whether Boeing is liable for that design would appear to depend on its "government contractor defense," which is the subject of a separate motion for summary judgment that is still pending. (*Id.*) ("To the extent any asbestos-containing components were originally installed on the C-47 and C-53 military aircraft, those components were specified and required by the United States Government. As such, Boeing incorporates by reference its [government contractor motion].").

        Boeing's other argument and Cessna's sole argument relate to the fact that the court considered evidence in the record that Plaintiff did not present in proper summary judgment format. Plaintiff initially failed to respond to the defendants' proposed findings of fact, or provide her own—she simply submitted an opposition brief, which included citations to the declarations of her expert witness, Rodney Doss. Plaintiff belatedly sought leave to file proper responses and statements of fact. The defendants opposed Plaintiff's request for leave, arguing that the local rules should be strictly enforced and that the defendants' findings of fact should be deemed true. Given that the court went ahead and considered Doss's opinions, Boeing and Cessna now argue it was improper to forgive Plaintiff's procedural violation without providing her opponents the opportunity to

substantively respond.

I decline to reconsider on this basis for two reasons. First, as I explained in the summary judgment decision, the defendants failed to establish that they were entitled to judgment as a matter of law *even if their findings of fact were deemed true*. (*See* ECF No. 157 at 5) ("[I]t does not follow from Defendants' findings of fact that they are entitled to judgment as a matter of law under the 'bare metal defense' . . . . This is because none of the defendants have submitted a bona fide proposed finding of fact showing that they did not *specify* that asbestos-containing replacement parts should be used in their products." (emphasis in original)). Second, even if the defendants were provided an opportunity to respond, all that would result is that Doss's opinions would be "disputed" for purposes of summary judgment.

Boeing's request for an interlocutory appeal will be denied for a similar reason. Boeing seeks to appeal on the issue of whether the "bare metal defense" is consistent with Wisconsin law. But as explained above and in the summary judgment decision, even if the Wisconsin Supreme Court would recognize the defense, the defendants failed to establish the defense—as described by the leading courts that have recognized it—applies in this case. For these reasons, the motions (ECF Nos. 160, 161, 168 & 174) are **DENIED**.

**SO ORDERED** this   8th   day of July, 2015.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court